IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Building Concepts, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Brian and Linda Meier, <br><br> Defendants. | Case No: 3:16-CV-141 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Plaintiff, Building Concepts, Inc. ("Plaintiff"), by and through their counsel, Grande, Frisk & Thompson, hereby allege as follows:

### Parties

1. Plaintiff, Building Concepts, Inc. ("BCI"), is a North Dakota corporation with its principal place of business located in Fargo, North Dakota.

2. Defendants, Brian and Linda Meier ("Defendants"), are residents of Fargo, North Dakota.

### Jurisdiction and Venue

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 et seq.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a)(jurisdiction over copyright actions).

5. This Court has personal jurisdiction over Meier because they reside in this judicial district.

### Factual Background

6. BCI is a homebuilder that employs an architect and draftsmen to create, design and ultimately construct homes.

7. BCI owns copyrights protecting the architectural work and architectural drawings it has created.

8. On or about August 28, 2015, BCI began to develop a design concept for a single-family home to present to Defendants.

9. Prior to undertaking any design efforts, however, BCI made it expressly clear that BCI reserved any and all copyrights in and to its architectural drawings.

10. After several months of planning and design, BCI produced and finalized the Defendants' home architectural plan, which is titled "MEIER RESIDENCE".

11. The architectural plans labeled "Meier Residence," (hereinafter "copyrighted plans") are annexed as Ex. "A". The plans are clearly marked with a © and state that "DESIGNS SHOWN ARE THE PROPERTY OF BUILDING CONCEPTS, INC. AND SUBJECT TO COPYRIGHT PROTECTION LAW."

12. The copyrighted plans constitute original material that is copyrightable under federal law.

13. Further, with respect to the copyrighted plans, BCI has (1) paid the requisite fees to the Copyright Office, (2) deposited copies of the work with the

Copyright Office, and (3) has sent the registration application to the Copyright Office, and the Copyright Office has received it as #1-3482614881.

14. The plans were provided to Defendants, properly noting the reservation of Copyright on each page.

15. In no instance did or does BCI provide any of its design plans to Defendants or any third-party without the "Copyright" reservation being prominently displayed on each page.

16. On at least one occasion, Alan Hochalter, the president of BCI, was contacted by a third party tradesman, questioning whether plans presented to him by Defendants were in fact copied from BCI's original design plans.

17. Upon examining the plans originally presented to the third-party tradesman, Alan Hochalter determined that BCI's plans were copied with the copyright reservation removed.

18. Defendants committed numerous acts of infringement, including, but not limited to:

    a. disseminating copies of the copyrighted plans to several homebuilders and/or tradesmen in the Fargo, North Dakota and Moorhead, Minnesota areas;

    b. making derivatives of the copyrighted plans, including distributing derivative copies;

    c. making copies of the copyrighted plans and removing said © and copyright language that was clearly printed on said plans as set forth in paragraph 11

above in an attempt to pass them as work belonging to Defendants (*See*, Exhibit "B"); and

d. distributing electronic or "PDF" file, copies of the copyrighted plans to other home builders, general contractors, suppliers, and/or tradesmen, in an attempt to elicit bids for construction services for their home, exposing BCI to further and future use without payment or license for design and architectural services.

19. In addition, Defendants have expressed intentions to construct a home based on copies and derivatives of BCI's copyrighted work, as well as create copies of its derivatives to do so.

20. Defendants have created, published, copied and used depictions of various building and floor plans based on BCI's copyrighted works.

21. On April 1, 2016, BCI demanded that Defendants cease and desist any further dissemination of the copyrighted plans and requested that Defendants purchase a single-use license fee, which they have declined to do.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501) (By Plaintiff Against Defendants)

22. Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 21, inclusive.

23. Through their conduct averred herein, Defendants have infringed BCI's copyrighted plans in violation of §§ 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

24. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to BCI's rights.

25. As a direct and proximate result of said infringement by Defendants, BCI is entitled to damages in an amount to be proven at trial.

26. BCI is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

27. BCI is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

28. As a direct and proximate result of the foregoing acts and conduct, BCI has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law.

2. For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiff's copyright in the Infringed Composition.

3. For prejudgment interest according to law.

4. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

5. For such other relief the court may deem just and proper.

Dated: June 3, 2016         By:   /s/ Daniel J. Frisk
                                  Daniel J. Frisk (ND ID#05109)

                            By:   /s/ Mark A. Schwab
                                  Mark A. Schwab (ND ID #08132)

                                  GRANDE, FRISK & THOMPSON
                                  2700 12th Avenue South, Suite A
                                  Fargo, ND 58103
                                  Telephone No: (701) 365-8088
                                  dfrisk@grandefrisk.com
                                  mark@grandefrisk.com
                                  *Attorneys for Plaintiff*